NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEVRA HANEY-WILLIAMS, | No. 23-15568 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02900-JCM-EJY |
| v. | |
| SAM'S WEST, INC., DBA Sam's Pharmacy, No. 10-4974, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| JUBILANT CADISTA PHARMACEUTCALS, INC., | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 7, 2024
Las Vegas, Nevada

Before: BEA, CHRISTEN, and BENNETT, Circuit Judges.

Plaintiff-Appellant Devra Haney-Williams ("Haney") appeals the district

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court's order that (a) granted summary judgment in favor of Defendant-Appellee Sam's West, Inc. ("Sam") because the opinions of Haney's experts Mark C. Decerbo and Michael R. Iglinski, as contained in their respective declarations, failed to present a triable issue of fact as to the element of causation; (b) declined to strike parts of the opinion of Sam's expert Neal L. Benowitz; and (c) denied Haney's motion for summary judgment as moot. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Crowe v. Oregon State Bar*, 112 F.4th 1218, 1229 (9th Cir. 2024), but we review for abuse of discretion the district court's rulings "regarding evidence made in the context of summary judgment." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. (2005). We reverse in part and vacate in part.[1]

1.     The parties do not dispute lamotrigine caused Haney's injuries; rather, they contest whether the overdose of lamotrigine was the cause. The district court held the opinions offered by Decerbo, one of Haney's causation experts, failed to present a triable issue of fact because he testified it would be too "speculative" to conclude that had Haney followed the correct lamotrigine dosage schedule, she would more likely than not have avoided the alleged injuries. This holding is premised on the but-for standard for causation. We find the district court erred in

---

[1]    Because the parties are familiar with the facts, we recount them only as relevant to our decision.

2

granting summary judgment because the substantial-factor causation standard, rather than the but-for standard, applies under Nevada law.[2]

In Nevada, to prevail on a negligence claim, a plaintiff must prove that "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the <u>legal cause</u> of the plaintiff's injuries, and (4) the plaintiff suffered damages." 1 Nevada Pattern Jury Instructions Civil 4.2 (2018) (emphasis added). A "legal cause" is one "that is a substantial factor in bringing about" the alleged injuries. 1 Nevada Pattern Jury Instructions Civil 4.5 (2018).

Although the but-for causation standard is extant in Nevada, it does not apply here. *See* 1 Nevada Pattern Jury Instructions Civil 4.4 (2018) (the use note providing that the but-for standard "is frequently replaced by" the substantial-factor standard). The but-for causation standard "applies when each party argue[s] its own theory of causation, the two theories [are] presented as mutually exclusive, and the cause of the plaintiff's injuries [can] only be the result of one of those theories, but not both." *Wyeth v. Rowatt*, 244 P.3d 765, 778 (Nev. 2010). The substantial-factor causation standard, however, applies when "an injury may have had two causes, either of which, operating alone, would have been sufficient to cause the injury." *Id.* (citation omitted). Here, the parties agree Haney's intake of lamotrigine caused her injuries,

---

[2]    Sam's motion for leave to file a supplemental brief on the issue whether the "substantial factor" or the "but-for" causation standard should govern this case (Dkt. No. 64) is **DENIED** as moot.

3

but Haney additionally maintains the overdose of lamotrigine was the cause. The two causation theories—the intake of lamotrigine on the one hand, and the overdose of lamotrigine on the other—are not mutually exclusive. In fact, lamotrigine overdose presupposes lamotrigine intake. Hence, the substantial-factor causation standard applies.

In this case, Decerbo's deposition testimony and his expert report—when viewed in the light most favorable to Haney, the non-moving party—opined that lamotrigine overdose was more likely than not the substantial-factor cause of Haney's injuries.[3] Therefore, the district court erred in disregarding Decerbo's testimony and consequently erred in granting summary judgment in Sam's favor.[4]

2. The district court also held Haney failed to present a triable issue of fact as to causation because Iglinski, the other causation expert for Haney, failed to testify to a requisite level of certainty. We disagree.

For medical negligence claims under Nevada law, the requisite level of

---

[3] The district court also erred in concluding Decerbo's December 2021 declaration should be stricken under the sham affidavit rule because the court failed to make the necessary factual finding as to whether that declaration constituted a sham in addition to being allegedly contradictory to Decerbo's deposition testimony. *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998–99 (9th Cir. 2009); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266–67 (9th Cir. 1991).

[4] To the extent Sam contends this argument has been forfeited, we have discretion to consider it *sua sponte* because it concerns a pure question of law and because we do not see addressing it will prejudice Sam. *See Carrillo v. Cnty. of Los Angeles*, 798 F.3d 1210, 1223 (9th Cir. 2015).

certainty is the "reasonable degree of medical probability" standard. *Morsicato v. Sav-On Drug Stores, Inc.*, 111 P.3d 1112, 1115 (Nev. 2005). "[P]robability requires more than 50-percent likelihood." *Williams v. Eighth Jud. Dist. Ct. of State, ex rel. Cnty. of Clark*, 262 P.3d 360, 368 n.8 (Nev. 2011).

In this case, the district court did not take issue with Iglinski's expert reports' conformity to this *Morsicato* standard. Rather, the court found fault with one single line in Iglinski's deposition testimony, where Iglinski was asked:

> [C]an you tell me to a reasonable degree of <u>certainty</u> that had Ms. Haney-Williams started with her 25 milligrams per day as her doctor instructed her that she would not have suffered Stevens-Johnson syndrome [("SJS")]?

He answered, "No, I can't—I can't say that, . . . ."

This deposition question made a tweak to the *Morsicato* standard: It replaced the word "probability" with the word "certainty." Iglinski simply stated he could not opine to a reasonable degree of medical <u>certainty</u> that the lamotrigine overdose caused Haney's injuries. That was what he was asked and what he answered. Iglinski did not say he could not conform to the *Morsicato* standard by testifying to a reasonable degree of medical <u>probability</u>. Accordingly, drawing all justifiable inferences in Haney's favor, Iglinski's testimony did not fall short of the *Morsicato*

standard.[5]

In concluding the opposite, the district court equated "medical certainty" with "medical probability." But those words differ in their meanings. By ignoring their difference, the district court effectively required Iglinski to testify to a greater degree of certainty than what Nevada law required.[6] Accordingly, the district court erred in disregarding Iglinski's testimony and consequently erred in granting summary judgment in Sam's favor.[7] The summary judgment that the district court entered in Sam's favor is therefore **REVERSED**.

3. Haney moved to strike Benowitz's opinion that "it cannot be stated to a reasonable degree of medical probability that the higher than recommended initial dose of lamotrigine (300mg instead of 25mg) contributed to the development of SJS in plaintiff because the development of SJS from higher than recommended initial doses have been 'suggested but not proven' and plaintiff 'may well have developed SJS had she received' the recommended initial dose." The district court denied

---

[5] Moreover, this deposition question for Iglinski was again premised on the but-for causation standard. As the substantial-factor standard governs this case, the district court erred in excluding Iglinski's testimony also for this reason.

[6] To the extent Sam contends this argument has been forfeited, we have discretion to consider it *sua sponte*, because it concerns a pure question of law and because we do not see addressing it will prejudice Sam. *See Carrillo*, 798 F.3d at 1223.

[7] Because we reverse the district court's summary judgment in Sam's favor, and because Haney appeals the denial of her motion for summary judgment on the sole ground that it was not moot, the district court's order that denied Haney's motion for summary judgment as moot is **VACATED**.

Haney's motion to strike.

At least parts of Benowitz's opinions that Haney challenged appear to have used language that can be read to suggest a reliance on the wrong but-for causation standard. We thus vacate without prejudice the district court's order that denied Haney's motion to strike. Nothing in this memorandum disposition forecloses Haney from filing a new motion to strike, or otherwise challenging the admissibility of, Benowitz's opinions.

**REVERSED IN PART AND VACATED IN PART.**[8]

---

[8] Haney's motions for an extension of time to file a reply brief (Dkt. Nos. 51, 52, and 53) are **DENIED** as moot.